Robert H. RICE, Plaintiff-Appellant,

v.

GATES RUBBER COMPANY, Defendant-Appellee.

No. 76–2623.

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1978.

Decided Sept. 13, 1978.

Avon N. Williams, Jr., Maurice E. Franklin, Nashville, Tenn., Jack Greenberg, James M. Nabrit, III, O. Peter Sherwood, New York City, for plaintiff-appellant.

Norris Jenkins, Goodlettsville, Tenn., Harlan Dodson, III, Nashville, Tenn., for defendant-appellee.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

This is the second appeal in this Title VII case. At the first trial the district court held that the individual plaintiff had failed to prove that his discharge was based on race and dismissed the complaint filed in his own behalf. This court affirmed the dismissal of Rice's individual claim, but reversed the dismissal of the class action aspect of the complaint. The case was remanded "to permit the district court to determine whether Rice established a prima facie case that at the time he was employed by Gates, the company discriminated against Negroes as a class in job placement, promotion, transfer, demotion and discharge." *Rice v. Gates Rubber Co.*, 521 F.2d 782, 785 (6th Cir. 1975).

Following remand, the district court dismissed the case and filed a memorandum in which he held that no prima facie case had been established that Gates had discriminated against the class in transfers, job placement or promotions. The question of discrimination in hiring is not involved in this case.

■ In this appeal it is argued that the statistics produced by Rice established a prima facie case of discrimination. The district court agreed that the statistical data reflected discrimination in hiring, promotions and transfers prior to the effective date of Title VII. However, the court further found that "[w]ithin the definition of the class in the instant case from 1966 to date of trial, there is no evidence that blacks were not transferred and promoted in strict accordance with the collective bargaining agreement." (emphasis in original). The court also found no evidence of discrimination against Negroes in discharges, and that grievance procedures established in the collective bargaining agreement were employed when there were discharges. These findings are supported by substantial evidence.

There is no allegation in the present case that the seniority system which is contained in the collective bargaining agreement between Gates and a union (which has never been a party to this action) is not "bona fide" within the meaning of Section 703(h) of Title VII. The determination of the district court that the plaintiff had failed to establish discrimination in transfers and job placement decisions governed by the seniority system is supported by the decision of the Supreme Court in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 94 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

■ Though this action was originally filed in 1971, at the time of the district court's decision on remand, February 11, 1976, Robert H. Rice was the only plaintiff. The district court's dismissal of his individual claim of discrimination had been affirmed by this court. Following remand there was no evidence offered by Rice or any other witness to support the class action. The district court did not err in dismissing the class action.

■ The appellant also contends that the district court erred in denying his motion for an allowance of attorneys' fees. The record contains an order concerning the agreed settlement of a portion of the original action which was severed from the Title VII case. This order provides, *inter alia*:

C. Robert H. Rice individually, as a Plaintiff in the Severed Portion, or as a Plaintiff or a member of the class in the Class Action shall be entitled to no further relief and shall have no right to any further recovery for damages, court costs, attorneys' fees, or any other matter; plaintiff likewise shall have no liability to defendants;

D. In the case of *Robert H. Rice vs. Gates Rubber Company (Class Action)* the Defendant shall have no liability for any amount of court costs, expenses, or attorneys' fees for any proceedings, work done, or other happenings or transactions

in this lawsuit prior to the date of this Order;

The district court did not abuse its discretion in denying additional attorneys' fees. The record reveals no significant activities by the attorneys between the time of entry of the settlement order and the final judgment.

The judgment of the district court is affirmed, without prejudice to the right of any member of the class previously certified to bring an action for individual relief.